UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 24.7.24.201,<br><br>Defendant. | Case No. 17-cv-07059-SVK<br><br>**ORDER GRANTING EX PARTE MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE**<br><br>Re: Dkt. No. 8 |

Before the Court is Plaintiff Strike 3 Holdings, LLC's ex parte motion for leave to serve a third party subpoena on Comcast Cable Communications, LLC ("Comcast"), the Internet Service Provider ("ISP") for Defendant John Doe, in an effort to identify Defendant prior to the conference required under Federal Rule of Civil Procedure 26(f). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable without a hearing.

For the reasons discussed below, the Court GRANTS Plaintiff's motion on the terms and conditions outlined in this order, without prejudice to any motions to quash or modify the subpoena that may be filed by any interested party, including Comcast or the subscriber assigned to the Internet Protocol ("IP") Address identified in the caption above.

**I.  Background**

This is a copyright infringement action brought by the owner of copyrights on numerous adult-content motion pictures. Plaintiff alleges that Defendant used the BitTorrent protocol to download a number of Plaintiff's copyrighted motion pictures and distribute them to others. ECF 1. Defendant is known to Plaintiff only by his or her IP Address. *Id.*

////

////

## II. Legal Standard

With limited exceptions, unless the parties agree or the Court orders otherwise, neither party may seek discovery from any source before the parties have conferred to discuss the case and a discovery plan, as required under Federal Rule of Civil Procedure 26(f). Fed. R. Civ. Proc. 26(d)(1), (f).

Courts in the Ninth Circuit generally employ a "good cause" standard in deciding whether to authorize discovery before the Rule 26(f) conference. *See Digital Sin, Inc. v. Does 1-5698,* No. C 11-04397 LB, 2011 WL 5362068, at *1 (N.D. Cal. Nov. 4, 2011) (collecting cases). In cases involving unknown defendants, "plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

In numerous cases, courts in this district have considered requests to permit early discovery into the identity of unknown defendants in the context of tortious acts committed online by persons acting anonymously or pseudonymously. In such cases, "the need to provide injured parties with an [sic] forum in which they may seek redress for grievances" must be balanced against "the legitimate and valuable right to participate in online forums anonymously or pseudonymously." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999). To strike this balance, courts consider the following factors: (1) whether the plaintiff has identified the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) whether the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) whether the plaintiff has shown that its suit could withstand a motion to dismiss; and (4) whether the plaintiff has filed a request for discovery with the Court, along with a statement of reasons justifying the discovery requested as well as identification of a limited number of persons or entities on whom discovery might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about the defendant that would enable service of process. *Id.* at 578-80.

////

### III. Discussion

Plaintiff has shown that the relevant factors establish good cause to permit it to serve a subpoena on Comcast, the ISP for the person with the IP Address identified in the caption above, before the Rule 26(f) conference. Plaintiff has identified the steps it took to locate and identify Defendant, which resulted in location of an IP Address linked to a physical address in this District that is associated with the allegedly infringing activity of which Defendant is accused. ECF 1; ECF 8-2. Such efforts have been held sufficient to satisfy the first two *Columbia* factors. *See, e.g., Digital Sin*, 2011 WL 5362068, at *2. Next, Plaintiff has pled the essential elements to state a claim for copyright infringement. Finally, Plaintiff has shown that the proposed subpoena is likely to reveal the identity of the alleged infringer. It appears that Plaintiff has no means other than subpoenaing Comcast, which operates the internet service associated with Defendant's IP Address, to discovery the true owner of the IP Address.

### IV. Conclusion

For the reasons discussed above, Plaintiff's ex parte motion for leave to serve a third party subpoena on Comcast before the Rule 26(f) conference is GRANTED on the following conditions:

- The subpoena shall only request the actual name and address of the subscriber to whom Comcast assigned the above-captioned IP address during the time frame from 14 DAYS BEFORE the date of the first alleged infringing act to 14 DAYS AFTER the date of the last alleged infringing act as set forth in Exhibit A to the Complaint.
- Plaintiff shall attach a copy of this order to the subpoena.
- Plaintiff may not use any information disclosed by Comcast for any purpose other than protecting its rights as set forth in the Complaint.
- Comcast shall, in turn, serve a copy of the **subpoena and a copy of this order** on the subscriber within **14 DAYS** of the date of service on Comcast.

3

- The return date on the subpoena shall be no less than **45 DAYS** from the date of service on Comcast. Comcast shall not disclose any identifying information about defendant to Plaintiff prior to the return date or prior to the resolution of any motions to quash or modify the subpoena.
- Defendant John Doe will have **30 DAYS** from the date of service upon him or her to file any motions contesting the subpoena (including a motion to quash or modify the subpoena) with the Court for the district where compliance with the subpoena is required.
- Comcast shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash or modify the subpoena.
- If Comcast produces information regarding the Doe Defendant to Plaintiff, Plaintiff shall not publicly disclose that information until Defendant has an opportunity to file a motion with this Court to be allowed to proceed in this litigation anonymously and that motion is ruled on by the Court. If Defendant fails to file a motion for leave to proceed anonymously within **30 DAYS** after his or her information is disclosed to Plaintiff, this limited protective order will expire. If Defendant includes identifying information in his or her request to proceed anonymously, the Court finds good cause to order the papers filed under seal until the Court has an opportunity to rule on the request. *See Digital Sin*, 2011 WL 5362068, at *4. In the event Defendant's request is placed under seal, the court will direct Defendant to submit a copy of the under-seal request to Plaintiff and will ensure that Plaintiff has time to respond.
- In its proposed order, Plaintiff also sought leave to serve subpoenas on "any service provider that is identified in response to a subpoena as a provider of Internet services to

////

////

one of the Defendants." Plaintiff must seek leave to serve subpoenas on any other service provider besides Comcast in this matter.

**SO ORDERED.**

Dated: January 11, 2018

SUSAN VAN KEULEN
United States Magistrate Judge